IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY**<br>**ONE STATE FARM PLAZA**<br>**BLOOMINGTON, IL 61710,**<br>         Plaintiff,<br><br>      v.<br><br>**REIMAGINED PARKING INC.**<br>**900 HADDON AVENUE**<br>**COLLINGSWOOD, NJ 08108,**<br>         Defendant. | **CIVIL ACTION NO.: 2:25-cv-6581** |

## COMPLAINT

Plaintiff, State Farm Fire and Casualty Company ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendant, Reimagined Parking Inc. ("Defendant"), complaining against it as follows:

## PARTIES

1. Plaintiff is an Illinois corporation with its principal place of business at the above-captioned address.

2. At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3. At all relevant times, Plaintiff provided – via an in-force policy – property (*inter alia*) insurance to Carl Fiebig & Raquel Pagonis ("subrogors") in connection their residential property at 1925 Naudain Street in Philadelphia, Pennsylvania ("subject property").

4. Upon information and belief, Defendant is a New Jersey corporation with its principal place of business at the above-captioned address.

5. Upon further information and belief, Defendant was at all relevant times in the business of providing valet-parking services.

6. As a result of claims made on said policy in connection with the below-described incident, Plaintiff became subrogated to certain recovery rights and interests of subrogors, i.e. for monies paid per the policy, including the claims being pursued via this action.

## JURISDICTION AND VENUE

7. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

8. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

9. On or about September 30, 2025, while in the course and scope of his employment and/or agency on behalf of Defendant, Defendant's employee/agent – *viz.* Dekola Asimiyu – negligently operated a motor vehicle such that he drove it into the subject property.

10. Upon information and belief, the above-described vehicle that Mr. Asimiyu negligently drove into the subject property ("the vehicle") was entrusted to Defendant's care, custody and control in the normal course of Defendant's above-described business.

11. The above-described incident, which resulted in significant damages to the subject property, was directly and proximately caused by Defendant as is further and more fully described below.

12. The incident caused damages to the subject property, as well as additional expenses and harms besides, in an amount in excess of $250,000.00.

13. As described herein, Plaintiff paid subrogors' resultant insurance claim, thereby becoming subrogated to the recovery claims being pursued via this action.

**COUNT I – NEGLIGENCE**

14. Plaintiff incorporates herein by reference the foregoing paragraphs as though they were repeated here.

15. The aforementioned damages were the direct and proximate result of Defendant's negligence and/or standard-non-compliant acts and/or omissions, more specifically described as follows:

    a. failing to operate the vehicle in a manner so as to avoid striking the subject property;

    b. operating the vehicle with disregard for the rights and safety of others and their property;

    c. failing to keep a proper lookout while operating the vehicle;

    d. failing to exercise reasonable care in operating the vehicle under the circumstances.

    e. failing to adequately warn subrogor and others of the dangers resulting from the failure to exercise reasonable care as described above;

    f. failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper maintenance and/or operation of the vehicle;

    g. failing to perform the tasks described above in conformity with prevailing motor-vehicle-code requirements and standards;

    h. failing to retain competent, qualified and/or able agents, employees, subcontractors or servants to perform the tasks described above;

    i. permitting its employee/agent to operate the vehicle when Defendant knew or should have known of his questionable driving habits and/or record, and/or lack of applicable skill and/or training;

    j. permitting an employee/agent to operate the vehicle when Defendant knew or should have known that the employee/agent was prone to operate a motor vehicle in an unsafe manner; and/or

    k. failing to exercise reasonable care by permitting its employee/agent access to and operation of the vehicle under one or more of the conditions described in the preceding subparagraphs.

16. As a direct and proximate result of Defendant's negligence and standard-non-compliant acts and/or omissions, the subject property was damaged and additional expenses were incurred by subrogors in an amount in excess of $250,000.00.

17. As described herein, Plaintiff paid subrogors' resultant insurance claims, thereby becoming subrogated to the recovery claims being pursued via this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendant in an amount in excess of $250,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

                                **de LUCA LEVINE LLC**

By:    */s/ Daniel J. de Luca*
       DANIEL J. de LUCA,
       ATTORNEYS FOR PLAINTIFF
       PA ATTY I.D. NO.: 74727
       301 E. Germantown Pike, 3rd Floor
       East Norriton, PA 19401
       (215) 383-0081 (phone)
       (215) 383-0082 (fax)
       ddeluca@delucalevine.com

**Dated:** November 21, 2025